May it please the Court, Steve Berman on behalf of the plaintiffs. I'd like to reserve two minutes for reply. There are two issues that I'd like to address this morning. The first is whether Regence is exempt from the provision of the Insurance Code which prohibits discrimination in the business of insurance. And our position is quite simple, that Regence does not enjoy immunity from the anti-sex discrimination provision. The second issue that I'd like to address only relates to Ms. Meredith's claim, which is the claim governed by ERISA. And the issue there is whether the ERISA remedy provision preempts her claim when her claim is not challenging a plan administrator's denial of benefits. Our position. Let me ask you this. If you prevailed on, okay, we've got some cross appeals here as far as that goes. If this Court were to hold that it's not preempted, right, because my understanding is it was removed to federal court because of ERISA, right? That's correct. All right. If it's not preempted and it goes back, then there's no federal claim anymore, right? That's correct. All right. Is there, let's say if the Court were to find that, how would the Court approach this in terms of are there statute of limitations problems because you've been removed, whether in a procedural sense of how the Court would approach that? I don't think there's any statute of limitation problems because the statute would have been told under a case called Utah Pipe, which is a case dealing with Rule 23 that says when you file a case on behalf of a class, it's told for independency of that case until either class certification's been denied or there's a ruling on the merits. Let me, could I just also add to Judge Callahan's question, which is this. Assume that we were to agree that there's no, the claims are not totally, completely preempted by ERISA. So this was removed. That's correct. Okay. Would there have been jurisdiction, federal court jurisdiction if the claims were not completely preempted? No. Then doesn't that mean that the case then has to be, should be, if we were to agree that it's preempted, or not completely preempted, that the case should be, the district court should remand this case back to the Washington Superior Court? I don't have the case on point, but I believe that the case law is, and you're I'm sure more familiar with this than I am. I think that the rule is that the district court, having had original jurisdiction, has the discretion to retain the case. But it wouldn't have had original jurisdiction. If, see, you removed it on the theory of complete, it was removed on the theory of complete preemption. That's correct. Right? So if we now determine there is no preemption, then there was no jurisdiction. There may not be. The get-go. There may not be jurisdiction now for the federal court. No, there wasn't jurisdiction at the time it was removed. We're talking, we're in the area of removal. Well, you have jurisdiction until the issue is decided. And if you decide it, then there may be an argument that jurisdiction is removed. I agree with you. As I was getting ready for the argument, I was wondering, okay, what if I win on this case? Does the Court have jurisdiction? And I'm not sure. Well, let me ask you this. Even assuming we had jurisdiction, why would the federal court want to retain, you know, get involved in this? This is a very complicated Washington statutory scheme. Well, Judge, it kind of can. I mean, I can remember as a district court judge, whenever I eliminated all the federal claims and all we're left with is State law claims, guess what, fellas? Well, and he may want to go. He may very well, might want to do that, Your Honor. He may want to keep the case because he's ruled on the parallel Erickson v. Bartlett case, which dealt with whether it's a discrimination. Well, a lot of this case was dealt with by the Washington Supreme Court as well. That's correct. And that's actually where I'd like to go. And that is, I think the Washington Supreme Court opinion, our position on whether there's an exemption under the discrimination, anti-discrimination statute is very simple. And I think it's answered by two quick points. One is the Washington Supreme Court opinion. Regents argued in the Washington Supreme Court the Lane Gang case, for example, a case which the district court relied on. And although the Washington Supreme Court didn't reach the precise issue of whether 4830.010 governs, the Washington Supreme Court made it absolutely clear that it felt there were anti-discrimination statutes that applied to Regents. And it cited, and I think this is a point we did not emphasize well in our brief, the Washington Supreme Court cited WAC 28443721 for the rule that Regents is not free to discriminate on the basis of sex. If you look at the statutory authority for that regulation, it's 4830.010. Now, why is that important? Because it shows that the insurance commissioner and the Supreme Court recognized that the insurance commissioner, under the Insurance of Business Clause of 4830, has the power to regulate and bar discrimination, and that power can be extended to companies like Regents. So the Supreme Court has spoken loudly in a manner that's inconsistent, I think, with the district court's ruling. The second very simple point, and I tried to just, it's complicated, so I tried to simplify it, is that the GLAWBOK Supreme Court said that as a matter of Washington State law, which this claim is governed by, that the Supreme Court gives great weight to the interpretation of the statute laid down by the executive agency in charge of enforcement. Well, here, under Chapter 284, 43.130, health service, health care service contractors are deemed health carriers, so they regulate. And then if you turn the page, there's a specific whack on point which prohibits the very discrimination that's at issue in this case. That was promulgated after the litigation. Yes. But as the Supreme Court said, that rule was a clarification of existing law. That's right out of the Supreme Court opinion. The commissioner said that. The commissioner said it and the Supreme Court agreed. But, you know, the commissioner, when he, when the commissioner promulgated this regulation, boy, he gives a lot of statute weight. I mean, there must be 20 sites there for authority for the rule. And one of the sites is the 48.30.300, which is the statute that gives the commissioner the right to regulate the business of insurance. So the commissioner believes, as does the Supreme Court, that there is no exemption. And that's the end of our argument on the exemption issue. Now, that gets me to the point. You know, I still have trouble with the idea that you're asking. You know, I know, you know, it is proper when there's a Federal claim and the court has supplemental jurisdiction, the court has spent a lot of time with the case, the court can go ahead and decide. Oh, so you're suggesting that if you find that there is no preemption, that you would not rule on the statutory claim, send it back down? Well, I'm just saying, you know, this is a very complicated statutory scheme that the Washington courts have not yet fully, at least when I read the opinions, I wasn't quite as confident in your interpretation of them as you are. That's usually the case when I argue. And I, you know, I just quite, it just strikes me as the kind of case that really is the kind of case that you want to let the State court sort through. Well, it may be that it gets certified again by Judge Glasnick to the Washington Supreme Court. That gets me to preemption. And, again, our position is very simple. I know that ERISA can be a very complicated statute and there's lots of difficult case law to sort through. But if you look at the civil remedies provision, it says three things, that you can bring an action under ERISA to, one, recover benefits due under a plan, two, reinforce rights under the terms of a plan, or to, three, clarify benefits under a plan. In each case, the statute is talking about you're challenging something that's happened under the plan. That's not what this case is about. The plaintiff, Ms. Meredith, is not seeking to recover. Well, both sides agree that she doesn't have this coverage under the plan. I'm sorry. Both sides agree she doesn't have the coverage that she seeks under the plan. That's correct. That's right. So she's not challenging a benefit under the plan, and, therefore, the remedy provision doesn't apply. What we're challenging here is a law, or seeking regents to comply with a law that applies to anyone, including the other plaintiff. It's a broad law that has nothing to do specifically with ERISA plans, and, therefore, there's no ERISA remedy for what happened to the plaintiff. Well, you're asking, you're actually attempting to force the plan to provide this benefit, correct? We're trying to force the plan that if it chooses to offer prescription drugs, it has to comply with the anti-sex law. Okay. So if, in the end, you win and they have to provide this benefit, then I guess she would have an ERISA claim, correct? If we win, right, and they decide they're going to provide prescription drugs under the plan, and they don't give her these drugs, the contraceptive drugs that are prescription contraceptives, then we would have a claim under the plan. Under the ERISA plan. That's right. But we're not there yet. I know. Yeah. I understand. And you ask me, and the last point I'll make, is you ask us to address the Cleghorn  case, and I think the Cleghorn case is absolutely consistent with our position. Because I'll just quote from it. Cleghorn sought benefits under the plan and did not receive them. And the Court in Cleghorn further held that the factual basis of the complaint, and I'm quoting now, was the denial of plan benefits to Cleghorn. The Court cited the D'Avalia case, the Supreme Court case, on which it relied, and if you look at that case, it's a denial of benefits under a plan case. So all of the authorities cited for ERISA by Regents are these denials. Does that make a difference that all this is related to a plan? Well, then you're getting back to the other issue in ERISA, which is under the Gregoire case, which Justice Schema, I believe, was on that panel. And here the relation issue doesn't come into effect because it's a broad law which governs all plans, not just ERISA plans. And therefore, there's not a tight enough connection to invoke that section of ERISA. Unless the Court has further questions, I'll reserve the rest for reply. Okay. Thank you. Thank you. Good morning. May it please the Court. I'm Stefania Denton on behalf of the appellee, Regents Blue Shield. There are three issues before the Court today, and I'll go through them in the same order as Mr. Berman did. Although I do first want to address the Court's questions about jurisdiction, Judge Lasnik here did specifically consider whether he should retain jurisdiction when he found against us on the ERISA preemption issue. And he specifically decided that because he had put so much time and effort into the case and had made substantive rulings in the case, that he would retain jurisdiction. Now, Judge Lasnik was a state court judge for eight years, and he specifically during argument told the parties that he was particularly sensitive to the idea of a federal district court coming in and interpreting state law if there was no state law that was directly on point. And when he believed there was any question about how to interpret that state law, he did not hesitate to certify us to the Supreme Court, as you could see in the decision addressing the two statutes that have been set aside and are not at issue before you today. Here he did not need to certify the question of whether RCW 4830-300 applies to health care service contractors, because he appropriately found that the language of the statute says it does not. The Washington Supreme Court has said that that statute does not. The legislature has said so, and the insurance commissioner has said so. In the Lane Gang case, I'm never sure how to say it, Lane Gang case, the court was faced with a regulation that stated it applied to entities in the business of insurance. Lane Gang specifically said that language does not apply to health care service contractors, and they relied on another regulation, which is 284-3320, which defines the term insurer as an entity engaged in the business of insurance. And it specifically says that this does not include health care service contractors. Now, that is the statement of the ---- Kennedy. Before you proceed further along that line, I don't think you really addressed a jurisdictional issue. In other words, if, assuming we agree that ERISA doesn't preempt the Washington scheme, then the district court did not have removal jurisdiction because there was no Federal claim. Do you agree with that proposition? I believe that the Federal court then had discretion whether to retain jurisdiction, and in this case the district court ---- Because removal jurisdiction depends on the existence of a Federal question. You can't, you know, have jurisdiction to create your own jurisdiction. Of course, I also believe the district court erred in his ERISA preemption. I know that. That's why I say so. But assuming, that's why I say assuming that we were to hold that the Washington scheme is not preempted by ERISA, then removal was not proper. Do you agree with that proposition? Removal would not have been proper if there was no 502A claim. There was no Federal question, right? The removal was premised entirely upon the assertion that ERISA preempted the Washington scheme. That is correct. So if that proposition is not true, then there was no removal jurisdiction. So all we can do, then, is to order the district court to remand this case to the Superior court. If you agree with, no, I disagree that you cannot look at the district court's decisions made in this case where the district court, I believe that the district court did have discretion to exercise jurisdiction. Do you have a case on that? The claim is pending jurisdiction. You know, we cited a case to the district court on that point, and I don't have the site in my head right now. Removal of jurisdiction is a different animal than supplemental jurisdiction. Right. We're in different worlds of jurisdiction. Well, perhaps I should address the rest of preemptions since we're on that subject. Now, you asked us to address the Cleghorn case, and Mr. Berman said that Cleghorn was different because he was seeking benefits under the four corners of his plan, and that is not what Cleghorn says. In fact, in Cleghorn, he relied on a California statute that required health care service plans to cover certain emergency services, which was broader than the emergency services provision in his plan. So he was using a California statute to argue that that statute required modification of his plan such that benefits were required under the plan that were not otherwise required under the plain language of the plan. And that is exactly the situation that we have here. Plaintiff Meredith is claiming that a Washington State statute modifies her plan such that it requires regents to provide all FDA forms of prescription contraceptive, and that is clearly completely preempted under 502A. And under the case of Everhart v. All America, which is at 275F3751, a 2001 case out of this court, this court recognized that 502A claims can only be asserted against the EBRSA plan or the plan administrator, not against a third-party health carrier with whom the plan has contracted, such as we have here. The plans here do not identify a plan administrator. And under 29 U.S.C. 1002, the plan administrator then is deemed to be the plan sponsor, who, when you have a single employer, as we do here, is the employer. This rule particularly makes sense in the context of this case because Meredith is not alleging that regents improperly failed to provide benefits under her plan, but she's alleging that the plan itself is illegal. And she is trying to bootstrap a Title VII claim, which applies only to employers, to claim that then regents had an obligation to provide contraceptive coverage. So we believe that even if you interpret the RCW 483300 to apply to health care service contractors, that you should nevertheless affirm dismissal of plaintiff Meredith's claims because they are completely preempted and she has not sued the correct party. As far as the applicability of RCW 483300, in our brief we cited a number of statutes and regulations which all very consistently hold that health care service contractors are not in the business of insurance. And when the legislature and the insurance commissioner intend to apply laws to health care service contractors, they use terms such as issuer or health carrier, which are specifically defined to include health care service contractors. Mr. Berman brought up the regulation which became effective in 2002, which expressly requires coverage of all FDA forms of approved forms of contraceptive in the state of Washington. Now, this regulation does not help the plaintiffs in this case. In fact, it hurts their argument. The Supreme Court never said that this coverage was required prior to enactment of the new regulation. And, in fact, if such coverage was required prior to the new regulation, why was the regulation enacted? It would have been unnecessary. And, in addition, the regulation was specifically enacted to be prospective in nature and not even on a specific date, but only upon renewal of the plans that were already in effect. Now, on page 41 of their opening brief, the appellants represent that contraceptive coverage is included in all state health plans. And that statement is misleading because it was not included prior to enactment of the new regulation in 2002. Mr. Berman also says that his clients are relying on statements by the Washington Insurance Commissioner. And I would point out to the Court that the former insurance commissioner, Debra Saad, is an attorney of record for the plaintiffs in this case. And I believe that the Court should look at what she said while in office when she enacted regulations saying that health care service contractors are not in the business of insurance, as opposed to statements that she has made in the context of this litigation. I do want to address the plaintiff's motion to amend because that was raised in their brief. They never did assert before the district court a claim under the regulation that Mr. Berman mentioned this morning, WAC 284-43-720, and they sought to amend their complaint to add a claim under that regulation. And Judge Lasnik denied that motion to amend, and that is one of the issues that the plaintiffs have appealed here. And we believe that Judge Lasnik properly denied that motion to amend because it would have been futile. In the Washington Supreme Court's decision in this case, they did look at that statute and the language of that statute, which was to provide all covered services regardless of sex. Now, that same language found in that regulation was the language found in the two RCWs that were before the State Supreme Court in this case, and the Supreme Court said that that language did not require coverage of all FDA forms of contraceptives. They found that the phrase covered services was simply not as broad as the plaintiffs advocated, and they noted that if they did adopt the plaintiffs' position on that language, it would result in, and the court used this word, the absurd consequence of requiring health carriers to cover every drug or treatment that has a greater utility for one sex or the other, and the Washington Supreme Court refused to go that far. We believe the district court properly followed Washington State law in holding that RCW 4830-300 does not apply to health care service contractors. If you agree with the district court on that decision, that ends this case, because all of the plaintiffs' remaining claims rely on application of that RCW. We also believe that the district court erred in finding no complete preemption of the plaintiff merited claims, and we believe those claims should be dismissed even if you disagree with us on application of RCW 4830-300, and we ask you to affirm the district court's decision dismissing all claims in this matter. Thank you. No further questions? Thank you. Thank you, Your Honors. First, let me start with preemption. If you go back to the Cleghorn case, Cleghorn case says as follows. When Cleghorn sought benefits under the plan and did not receive them, he then brought State law claims. Again, this is a case, as all the cases that have been cited, where someone has sought something under a plan and it was denied. This is not the case, and that's an important distinction because the statute specifically uses that term, benefits due under a plan, three times. And therefore, we're outside the scope of ERISA. Now, under State law, and I'm getting the impression that you may not decide the State law claim because if there's not preemption, you might want to send it back, but if you get to the State law claims, let me make three quick points. First, the Lean Gang case, which Regents used to convince the district court that there was an exemption. If you read that case very carefully, it's not on point. The case was brought under challenging a violation of the unfair claims practices rules under 284.30.320. There's a specific provision under 320.4 and 5 which exempts health carriers such as Regents. And the Court said because of that specific provision, you don't have a case. The Court did not say that 48.30 as a whole does not apply to Regents. In fact, to reach that conclusion, the conclusion of the Lean Gang case would lead to two absurd results. One, the Washington Supreme Court opinion would be mooted, because how could the Washington Supreme Court be citing to the WAC that I cited to you earlier if there was no authority under 48.30 for the insurance commissioner to be regulating the business of insurance? It just can't happen. Counsel for Regents disparaged these regulations. But again, the Washington Supreme Court had the same regulations we were talking about this morning and said we're going to give great weight to the agency. And that, I think, is the rule of law. And that governs the issue here of whether, because Ms. Sen later became co-counsel, you should somehow not consider these regulations which she promulgated for this case and while she was in office. And the last issue, again, although the regulations was adopted in 2002, we gave you the legislative history in our briefs, which these regulations were first promulgated in 1997 for the purpose of clarifying any issues that people had. And it's often the case when there's rumblings in the industry, for example, where the commissioner might be hearing that some people think this doesn't apply, where the commissioner says, I'm going to make it absolutely clear, I don't want any squirreling around out there, this is the rule. And the Supreme Court found that that rule, again, and I think this is language that's binding on the case, imposed no new duties on regents. Thank you, Your Honor. Thank you very much. The matter will be submitted. And the other two matters on today's calendar where we did not hear argument, they're also submitted today. Thank you. We'll adjourn until tomorrow. All rise. This court for this session can adjourn.
judges: Tashima, Paez, Callahan